UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Max A., | No. 26-cv-00614-SRB-DLM |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Defendants. | |

Before the Court is Petitioner Max A.'s ("Petitioner") Petition for a Writ of Habeas Corpus. (Doc. #1.) For the reasons set forth below, the Court GRANTS the Petition.

## Background

Petitioner is a citizen of Guatemala who has resided in the United States since August 2022. He has a pending application for asylum and has employment authorization to work lawfully in the United States. Petitioner has no criminal history. He was arrested on January 23, 2026, in Minnesota, by ICE agents.

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). They do not demonstrate that an administrative or judicial warrant was secured in support of Petitioner's arrest.

## Analysis

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court finds that because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the

country in similar cases, by the only Court of Appeals to have addressed the issue, and by many courts in this district.

Although the Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate the analysis of the majority of courts to have considered the matter. Of course, these issues are complex. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Petitioner or others who are similarly situated, and his mandatory detention under that provision is not supported by the law.

The fact that Petitioner has applied for asylum does not change the Court's conclusion that detention is not supported under § 1225(b)(2). Respondents argue that Petitioner is subject to mandatory detention under § 1225(b)(2) because "Petitioner is 'seeking admission' through his pending asylum application and was doing so at the time of his recent arrest." (Doc. #5, p. 7.) However, as U.S. District Judge Eric Tostrud recently noted in *Ahmed M. v. Bondi et. Al*, No. 25-cv-4711 (ECT/SGE), 2026 WL 25627, at *2 (D. Minn. Jan. 5, 2026), "several courts have determined that asylum applications filed in like circumstances do not change the outcome." *Id.* (collecting cases). The reasoning in Judge Tostrud's opinion, and those of the cases he references is sound, and the Court declines to find that Petitioner is subject to § 1225(b)(2) due to his pending asylum application.

## Propriety of Immediate Release

Petitioner alleges that he should be immediately released, seeking a bond hearing as an alternative remedy. The Court concludes that immediate release is appropriate in this case. The government has not claimed to have a "warrant issued by the Attorney General" supporting his recent arrest, nor has the government produced one to the Court. As Judge Tostrud also explained, "[s]ection 1226 provides that '*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained.'" *Id.* at *3. Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant, and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was

immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order, Dkt. 8, Jan. 12, 2026) (same). Similarly, because the Court does not have before it the administrative warrant contemplated by § 1226, release is the correct remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Petition for a Writ of Habeas Corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that he is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Petitioner. When Petitioner is released, Respondents must return to him any property and documents that they have taken from him, including his employment authorization document and other identity documents and immigration documents.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date: <u>January 28, 2026</u>.                                      <u>s/Stephen R. Bough</u>
                                                                                    Stephen R. Bough
                                                                                    United States District Judge